In the Matter of the Application of HENRY J. O'HAGAN, as Committee of MARIE CABAUP, an Incompetent Person, Petitioner, for an Order against JOHN N. HARMAN, County Clerk of Kings County, Respondent.

Supreme Court, Special Term, Kings County, June 16, 1938.

*Quasha & O'Hagan* [*William H. Quasha* of counsel], for the petitioner.

*Hector Mc G. Curren,* for the respondent John N. Harman.

RIEGELMANN, J. This is a motion by the committee of an incompetent person for an order compelling the clerk of the county of Kings to accept one dollar as a fee for entering and filing an *ex parte* order and the petition annexed thereto and submitted in support thereof.

On March 7, 1938, an order was made directing petitioner to file his final account as committee of the person and property of Marie Cabaup, an incompetent person; thereafter the account was filed, and on March 24, 1938, an order was entered judicially settling the same and directing that certain payments be made by the committee. After such payments had been made, and in accordance with the provisions of said order, petitioner applied *ex parte* for an order discharging him and canceling his bond, and such order was duly signed on April 12, 1938. Petitioner thereupon tendered one dollar to the county clerk to have the order discharging him entered and filed, but the county clerk refused so to do upon the ground that, as the order was accompanied by the petition upon which it

was granted, the filing fee was two dollars. Petitioner refused to pay the two dollars and brings this proceeding to compel the entry and filing of the order and petition upon payment of but one dollar.

The county clerk bases his claim to the two-dollar fee upon subdivisions 7 and 25 of section 1557-a of the Civil Practice Act. The committee concedes that under subdivision 7 the county clerk is entitled to one dollar for " entering a final order in the special proceeding; " he takes issue with the claim that subdivision 25 requires the payment of an additional one dollar for filing the petition which accompanies the order. This latter subdivision reads as follows: " 25. For filing and entering a summons in an action or a petition in any proceeding in the Supreme Court, one dollar except that no charge shall be made for filing a petition for the appointment of a guardian *ad litem.*"

It is true that the Legislature has used the word " petition " without any express limitation; but having so expressed itself in a term of general import, its intent may be ascertained by giving effect to the rules of construction. It will be noted that in the same sentence and without intervening punctuation the payment of a fee is required for filing and entering a summons in an action or a petition in any proceeding. I am of the opinion that the items embraced contemplate papers in the same class — that is, those initiating an action or proceeding. Such a construction is in accord with the scheme of the applicable subdivisions of section 1557-a. Where the county clerk is entitled to a fee for performing a service in an action, a like fee is provided for similar service in connection with the corresponding step in a proceeding. Thus subdivision 1 requires a fee for " the trial of an action or the hearing upon the merits of a special proceeding " and subdivision 7 requires a fee for " entering judgment in the action or entering a final order in the special proceeding."

The order and petition here involved did not initiate the proceeding; they terminated it. Petitioner's discharge as committee and the cancellation of his bond is merely an incident in the entire proceeding.

The construction urged by the county clerk would mean that a fee would be required for all incidental petitions in connection with proceedings, although there is no such requirement where actions are involved. Such a construction is not required by the language of the subdivision and is not in accord with the general intent as disclosed in other subdivisions of the section.

The words " petition in any proceeding " will be construed, therefore, to mean the petition by which the proceeding is initiated, not every incidental petition required to be filed or entered during the course thereof.

Motion granted. Settle order on notice.